Anthony Sirago ⎫
vs. ⎬ Eq. No. 10018.
Harry Soren ⎭

December 19, 1930.

SUMNER, J. The complainant has brought a bill in equity to enforce a mechanic's lien on certain land belonging to the respondent.

There are mortgages of respectively $20,000 and $15,000 on the property. The respondent Soren did not deny the claim as against him but said that the complainant signed a release of his claim as against the two mortgages.

The complainant admitted signing a release as against the first mortgagee but testified that there was not mention of the second mortgagee in the release and that it was represented to him that the release was for the mortgage of $20,000. The complainant said he could read some and did look over the release enough to see the name of the first mortgagee and the amount but he did not see the name of the second mortgagee.

The Court believes that the complainant signed the release, as pre-

sented in Court, which included the claims of the two mortgagees.

The Court is inclined to believe that the respondent Soren gave the complainant to understand that the release, was for the first mortgage of $20,000. However, the complainant was negligent in not reading the release more fully and ascertaining the fact that it covered the second mortgage of $15,000. The second mortgagee undoubtedly acted in good faith and gave full value for his mortgage and the Court believes that his mortgage should be respected.

The rule seems to be that as a contract induced by false representations is voidable but not void, and is valid until rescinded, if third parties bona fide and for value acquire property rights in goods obtained by fraud, these rights are valid as against the defrauded party.

9 Cyc. p. 442.

The petition for a lien as against the second mortgagee is denied.

For complainant: Charles A. Kiernan, John F. O'Connell.

For respondent: David C. Adelman, Voigt, O'Neill & Wright, C. C. Ball and A. Gorman.